UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE | CASE NO. 05-10048 |
| **KEVIN R. WILLIAMS and QUENYATTA WILLIAMS** *Debtors* | Section "B" CHAPTER 7 |
| **LOUISIANA STATE BOARD OF DENTISTRY** *Plaintiff* | |
| **VERSUS** | ADVERSARY NO. 05-1085 |
| **KEVIN R. WILLIAMS and QUENYATTA WILLIAMS** *Defendants* | |

## MEMORANDUM OPINION

This matter came before the court on January 23, 2006 on the motion for summary judgment (P-11) filed by the defendants, Kevin R. Williams and Quenyatta Williams ("Williams" or the "debtors"), and the cross motion for summary judgment (P-14) filed by the plaintiff, Louisiana State Board of Dentistry (the "LSBD"). The parties disagree as to the interpretation of §523(a)(7) of the Bankruptcy Code.

For the reasons below, the court will enter a judgment granting the plaintiff's motion for summary judgment thereby excluding from discharge under §523(a)(7) the costs and fees assessed to the debtor by LSBD. The defendants' motion for summary judgment is denied.

**I. Background**

The debtors, Dr. Kevin Williams and his wife, Quenyatta Williams, petitioned the court for Chapter 7 bankruptcy relief on January 5, 2005. Prior to their discharge on April 12, 2005, the LSBD had filed a complaint alleging that all monies that might become due by virtue of a pending disciplinary proceeding against Dr. Williams should be nondischargeable. The LSBD had instituted disciplinary proceedings against Dr. Williams on October 7, 2004. On July 26, 2005, counsel advised the court that the matter could be decided on cross-motions for summary judgment. Pursuant to the court's order, the parties filed timely motions for summary judgment.

The court held a hearing on the cross-motions for summary judgment on January 23, 2006. Because the payment of fees is conditioned upon the LSBD finding that the charges against Dr. Williams were proved by clear and convincing evidence under the applicable statute, the court decided to hold the matter in abeyance pending a decision by the LSBD. Following an administrative disciplinary hearing on April 11, 2006, the LSBD entered a decision against Dr. Williams. The decision revoked Dr. Williams' license to practice dentistry and required that Dr. Williams pay "costs amounting to $49,737.01" and "a fine of $60,000."

Although the LSBD made its decision in April 2006, this court was unable to make its ruling at that time because the parties did not submit the LSBD's decision until August

10, 2006.[1]  The parties also failed to notify the court, as requested in the court's order holding the matter in abeyance, when they filed the LSBD's decision.[2]

## II.  Plaintiff's Arguments and Defendant's Responses

The parties disagree as to the interpretation of §523(a)(7) of the Bankruptcy Code which excepts from discharge any individual debtor's debt "to the extent that such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a government unit, and is not compensation for actual pecuniary loss…."  Both parties agree as to the material facts of the case and that the "fines" assessed by the LSBD are nondischargeable under §523(a)(7).  They also agree that the LSBD is a governmental unit.  The disagreement is as to the "costs."

The plaintiff argues that the statute that allows for the assessment of fines and costs by the LSBD clearly sets forth the punitive nature of requiring payment for "costs" of the proceeding.  Because there are no reported decisions on this issue in the Fifth Circuit, the LSBD suggests that the court consider the reasoning behind the decisions of other circuits.

The debtors assert that the "costs" of the disciplinary proceeding assessed by the LSBD are compensation for "actual pecuniary loss" under §523(a)(7) and are therefore dischargeable as a matter of law.  The debtors concede that under the majority of case law on the issue, costs associated with disciplinary proceedings are penal by nature and

---

[1]  Joint Motion to Submit with Decision (P-25).
[2]  Order Regarding Motions For Summary Judgment (P-23).

3

therefore nondischargeable. The debtors contend, however, that the court should interpret the plain language of the statute narrowly as opposed to following the more liberal interpretations of bankruptcy courts in other circuits.

### III. Law and Analysis

Section 523(a)(7) of the Bankruptcy Code provides that an individual debtor may not be discharged from any debt "to the extent that such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a government unit, and is not compensation for actual pecuniary loss…."[3] The Louisiana statute applicable to the LSBD's proceeding provides that:

> [t]he board may levy an administrative fine, but it shall assess all costs of the committee, including but not limited to attorney fees, investigative fees and expenses, witness fees and expenses, and stenographic costs as set forth in the following Paragraph against the licensee or the unlicensed person…. [E]ven if there is no fine imposed, the unlicensed person, the licensed dentist, or licensed dental hygienist shall pay … all costs of the committee proceedings, including but not limited to stenographer fees, attorney fees, investigative fees and expenses, witness fees and expenses, and the per diem and expenses of the committee members.[4]

Both parties stipulate that the LSBD is a governmental unit and that the $60,000 assessed in "fines" is nondischargeable. The issue in contest is whether the "costs" amounting to $49,737.01 are also nondischargeable fines, or are "compensation for actual pecuniary loss" and therefore not precluded from discharge under §523(a)(7).

---

[3] 11 U.S.C. §523(a)(7).
[4] LSA-R.S. 37:780(B)(1) & (3).

There are no reported cases on this issue in the Fifth Circuit.  The vast majority of cases from other courts involving cost recovery for disciplinary proceedings have held that "costs," even when distinct from "fines," are nondischargeable debts.[5]  Most of these cases rely on the Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986).  The debtor in *Kelly* had been required to pay restitution as a condition of her probation stemming from a larceny conviction.[6]  The restitution was paid each month of her probation to the probation office and then forwarded to the victim.  Despite the fact that the restitution totaled the same amount as the victim's loss, the Court stated that the restitution was for the "rehabilitation of the offender," not to compensate the victim.[7]  Accordingly, the Court held that restitution fees imposed upon a criminal defendant as conditions of her probation were not subject to discharge.[8]

The Court in *Kelly* read §523(a)(7) as providing a broad exception for all penal sanctions.[9]  It considered two major differences between restitution and a traditional fine:

---

[5] *E.g., In re Cillo*, 159 B.R. 340 (Bankr. M.D. Fla. 1993)(affirming that monetary sanctions imposed on an attorney in a disciplinary proceeding were a nondischargeable fine, even though the sanctions served to reimburse the state bar for costs of bringing proceeding, they also served penal and rehabilitative interests); *In re Williams,* 158 B.R. 488 (Bankr. D. Idaho 1993 (holding that costs in a disciplinary action are a "fine or penalty" within the meaning of the statutory exception to discharge); *In re Haberman*, 137 B.R. 292 (Bankr. E.D. Wis. 1992) (holding that costs of disciplinary proceeding against debtor whose license to practice law had been suspended was a fine and not compensation for actual pecuniary loss).
[6] *Kelly v. Robinson*, 479 U.S. 36, 38-39 (1986).
[7] *Kelly,* 479 U.S. at 41 (quoting *In re Pellegrino (Pellegrino v. Division of Criminal Justice),* 42 B.R. 129 (Bankr.D.Conn. 1984).
[8] *Kelly* at 53.
[9] *Id.* at 51.

5

1) restitution is forwarded to the victim, and 2) restitution may be calculated by reference to the amount of harm the offender caused.[10] Because the victim has no control over the amount of restitution that he/she receives, the Court concluded that restitution operates for the "benefit of the state" and not for the compensation of the victim.[11] Because restitution is to benefit society as a whole, it is rooted in the traditional responsibility of the state to protect its citizens.[12] As a result of this analysis, the Court held in *Kelly* that restitution was a nondischargeable fine.

The majority of courts addressing this issue have followed the position that costs imposed by a governmental unit in association with a disciplinary proceeding are not compensation for pecuniary loss and therefore are nondischargeable. The Court of Appeals for the Seventh Circuit held that the county's costs of prosecution, which the debtor was ordered to pay as part of his criminal conviction, was not a dischargeable debt.[13] The court reasoned that the cost of prosecution was a government expenditure, but not a pecuniary loss, as the county did not undertake the expense to create a debtor-creditor relationship.[14] Instead, the expense was incurred in order for the county to fulfill its duty to protect the public and punish the law violator.[15] "There is no [government]

---

[10] *Id.*
[11] *Kelly* at 52.
[12] *Id.*
[13] *Matter of Zarzynski*, 771 F.2d 304 (7th Cir. 1985). *See also In re Hollis*, 810 F.2d 106 (6th Cir. 1987) (holding that in light of the holding in *Kelly*, costs arising out of a criminal proceedings were nondischargeable even in spite of a statute that specifically stated that costs shall not be deemed part of the penalty imposed).
[14] *Zarzynski* at 306.
[15] *Id.*

6

pecuniary loss when the [government] functions as it should in the furtherance of its public responsibilities."[16]

The rationales used in criminal proceedings can be applied to disciplinary proceedings as well.[17] For example, in *In re Smith*, a bankruptcy court in Maryland applied the reasoning in *Kelly* to attorney disciplinary proceedings because the "ultimate goal [of both proceedings] is to protect the public."[18] The goals of the Maryland statutes that governed disciplinary fines and costs against attorneys were "deterrence and rehabilitation, […] the same goals the Supreme Court sought to protect [in *Kelly*]."[19] Because Maryland's statute assessing "costs" was intended to be rehabilitative, the court held that the "costs" could not be discharged.

The single case cited by the debtor in support of his contention that the costs of disciplinary proceedings are "compensation for an actual pecuniary loss" is the Ninth Circuit case, *In re Taggart*.[20] In that case, the court interpreted two separate Californian statutes, both related to attorney discipline.[21] The court found that one of the statutes explicitly provided for costs intended to reimburse the state bar for "actual expenses," and that costs assessed under this statute were dischargeable. That statute also entitled exonerated attorneys to reimbursement for the costs of defending themselves.[22]

---

[16] *Id.*
[17] *In re Haberman,* 137 B.R. 292, 296 (Bankr.E.D.Wis.1992).
[18] *In re Smith,* 317 B.R. 302, 309 (Bankr. D. Md. 2004).
[19] *Id.* at 311.
[20] *In re Taggart,* 249 F.3d 987 (9th Cir. 2000).
[21] *Id.*
[22] *Taggart* at 992 (citing Cal. Bus. & Prof. Code §6086.10(d)).

The court further found that the second statute allows for monetary sanctions which should be treated as a fine, penalty, or forfeiture under §523(a)(7) and those costs were not dischargeable. The court specifically looked to the legislative history of the statutes which made clear that the separate penalty statute was enacted in order to create the possibility of fines in the context of disciplinary proceedings as it did not exist under the first statute.[23]

Like the California statutes evaluated in *Taggart*, the Maryland disciplinary statutes discussed in *Smith* separately addressed "fines" and "costs." The court in *Smith* stated that the physical separation is not what makes one penal and the other not.[24] Instead, the purpose and effect of imposing these costs on the wrongdoer and whether they serve rehabilitative and deterring purposes determine whether the "costs" are in fact "fines."[25]

In this case, Louisiana Revised Statute 37:780 provides for the assessment of costs and fines only when a charge is proven by clear and convincing evidence.[26] It does not, like the Californian statutes discussed in *Taggart*, provide for the mandatory reimbursement for actual costs of *either* prevailing side. Because the assessment of costs is only permitted on a finding of wrongdoing, it is a penalty and therefore serves rehabilitative and deterring purposes.

---

[23] *Id.* at 993.
[24] *Smith* at 311.
[25] *Id.*
[26] LSA-R.S. 37:780(B)(1) & (3).

## IV. Conclusion

The costs were imposed by the LSBD because of misconduct or wrongdoing by the debtor and are, by nature, penalties exempt from discharge under §523(a)(7). Accordingly, the plaintiff's motion for summary judgment will be granted and the defendant's motion for summary judgment will be denied.

New Orleans, Louisiana, February 1, 2007.

Jerry A. Brown
U.S. Bankruptcy Judge